IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAREN GRILLO, | ) | |
| | ) | FILED: MARCH 31, 2008 |
| Plaintiff, | ) | No. 08CV1844           TG |
| | ) | JUDGE DER-YEGHIAYAN |
| v. | ) | MAGISTRATE JUDGE COLE |
| | ) | |
| ILLINOIS INSTITUTE OF TECHNOLOGY, | ) | |
| a not-for-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT
### (Age Discrimination in Employment Act)

Plaintiff, Caren Grillo, by and through her attorney, Benjamin A. Netzky, complaining against Defendant, Illinois Institute of Technology, states as follows:

## JURISDICTION

1. Plaintiff Caren Grillo seeks redress for violations of her rights under the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621, et seq. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

2. Jurisdiction of this cause arises under 29 U.S.C. §626, 28 U.S.C. §1331, and 28 U.S.C. §1343.

3. All jurisdictional prerequisites have been met pursuant to 29 U.S.C. § 626(d), in that a charge of discrimination based on age discrimination was filed with the Illinois Department of Human Rights ("IDHR") on September 27, 2007. (Exhibit A) Pursuant to a work-sharing agreement between the IDHR and the EEOC, said charge when filed with the IDHR was cross-filed with the EEOC. More than 60 days have transpired since the filing of the charge.

## PARTIES

4. Plaintiff Caren Grillo ("Ms. Grillo" or "Plaintiff") is a 65 year old woman and is a resident of the Northern District of Illinois.

5. Defendant Illinois Institute of Technology is a private university incorporated in the State of Illinois. Defendant is an employer as defined by the ADEA, 29 U.S.C. § 630(b) and has, at all times relevant, employed more than twenty (20) individuals and has been engaged in an industry affecting commerce.

## FACTS

6. Ms. Grillo was hired by the Illinois Institute of Technology as a temporary employee for the College of Architecture in February, 1998 and was made a permanent employee in March, 1998.

7. Prior to Ms. Grillo's termination, she was employed as an Administrative Assistant in the College of Architecture.

8. At all times relevant, Ms. Grillo performed her job duties in a satisfactory manner and received positive ratings on all her annual performance reviews.

9. On July 4, 2007, Ms. Grillo turned 65 years old.

10. On Tuesday, August 14, 2007, Faith Kancauski ("Kancauski"), Director of Finance and Administration in the College of Architecture, handed Ms. Grillo a memo dated August 14, 2007 terminating Ms. Grillo's employment effective August 17, 2007.

11. Ms. Grillo asked Kancauski "What am I going to do now with no money coming in?" Kancauski replied "You are eligible for Social Security now."

12. A Human Resources employee provided Ms. Grillo with applications and information on applying to Medicare Supplement plans.

13. On Wednesday, August 15, 2007, Kancauski sent an email announcement to employees in the College of Architecture stating that Ms. Grillo's job had been eliminated and that her position was being "absorbed" by other staff members.

14. Ms. Grillo's former job duties have been transferred to substantially younger employees (under the age of 40).

15. On Thursday, August 16, 2007, Ms. Grillo sent an email to Donna Robertson ("Robertson"), the Dean of the College of Architecture to inquire why she was terminated to which Dean Robertson responded, in part: "[w]e agonized over this decision, but were convinced by the people over in HR that you would be secure, using the Medicare and Social Security…"

16. Ms. Grillo's employment at the Illinois Institute of Technology was terminated on August 17, 2007.

17. In or about February, 2008, an advertisement was posted on the website of the Illinois Institute of Technology for an open Administrative Assistant position in the College of Architecture.

## CLAIM I
## ADEA – AGE DISCRIMINATION

18. Plaintiff adopts and realleges all relevant allegations contained in ¶¶1-17 above and reiterates the same as if fully set forth herein.

19. Defendant terminated Plaintiff because of her age.

20. As a direct and proximate cause thereof, Plaintiff was caused to and did suffer lost wages and fringe benefits and was terminated from any and all gainful employment by Defendant.

WHEREFORE, Plaintiff prays for:

a. an order awarding Plaintiff front pay or, in the alternative, reinstatement pursuant to 29 U.S.C. § 626(b);

b. an order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory act through the date of trial pursuant to 29 U.S.C. § 626 (b);

c. an order awarding Plaintiff interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. § 1961;

d. an order awarding Plaintiff all attorneys' fees, expert witness fees and costs of this action pursuant to 28 U.S.C. § l920, Fed.R.Civ.P. 54(d), and 29 U.S.C. § 626(b); and

e. an order awarding Plaintiff such other and further relief as this Court deems fit.

## CLAIM II
## ADEA – WILLFUL AGE DISCRIMINATION

21. Plaintiff adopts and realleges all relevant allegations contained in ¶¶ 1-17 above and reiterates the same as if fully set forth herein.

22. Defendant terminated Plaintiff because of her age with knowledge of the ADEA and in reckless disregard of the same.

23. As a direct and proximate cause thereof, Plaintiff was caused to and did suffer lost wages and fringe benefits and was terminated from any and all gainful employment by Defendant.

WHEREFORE, Plaintiff prays for:

a. an order awarding Plaintiff liquidated damages as appropriate under the ADEA, 29 U.S.C. § 626(b);

b. an order awarding Plaintiff front pay or, in the alternative, reinstatement pursuant to 29 U.S.C. § 626(b);

c. an order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory act through the date of trial pursuant to 29 U.S.C. § 626 (b);

d. an order awarding Plaintiff interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. § 1961;

e. an order awarding Plaintiff all attorneys' fees, expert witness fees and costs of this action pursuant to 28 U.S.C. § l920, Fed.R.Civ.P. 54(d), and 29 U.S.C. § 626(b); and

f. an order awarding Plaintiff such other and further relief as this Court deems fit.

Respectfully submitted,

/s/ Benjamin A. Netzky
_____
Benjamin A. Netzky

Benjamin A. Netzky
Attorney for Plaintiff
ARDC No. 6290328
200 S. Michigan Ave., Suite 1240
Chicago, IL 60604
Ph: (312) 602-2233
Fax: (866) 473-0421

**EXHIBIT A**

COPY

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2008CA0941 |
|---|---|---|

**Illinois Department of Human Rights and EEOC**

| NAME (indicate Mr. Ms. Mrs.)<br>Caren Grillo | | HOME TELEPHONE (include area code)<br>(312) 842-8252 | |
|---|---|---|---|
| STREET ADDRESS<br>2808 S. Lowe | CITY, STATE AND ZIP CODE<br>Chicago IL 60616 | DATE OF BIRTH<br>07/04/1942 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Illinois Institute of Technology | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code)<br>(312) 567-3000 | |
|---|---|---|---|
| STREET ADDRESS<br>3300 South Federal Street | CITY, STATE AND ZIP CODE<br>Chicago IL 60616 | | COUNTY<br>Cook |
| NAME | | TELEPHONE (include area code) | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON:<br>Age | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>08/17/2007  08/17/2007<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.  A.  ISSUE/BASIS

1. I was discharged from my position of Administrative Assistant on August 17, 2007 because of my age (65 years old).

B.  PRIMA FACIA ALLEGATIONS

1. I am 65 years old.
2. I was discharged on August 17, 2007. On August 14, 2007, I was informed by Faith Kancauski, Director of Administration and Financial Affairs, that my position was being eliminated.
3. I was, at all times, performing my job duties in a satisfactory manner.
4. My former position has not been eliminated. Substantially younger similarly situated employees are now performing my former job duties.

[Stamp: DEPT OF HUMAN RIGHTS INTAKE UNIT SEP 27 2007 RECEIVED]

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>NOTARY SIGNATURE  MONTH DATE-YEAR<br>Wendy M. O'Neal  9-25-07 |
|---|---|
| "OFFICIAL SEAL"<br>Wendy M. O'Neal<br>Notary Public, State of Illinois<br>My Commission Exp. 05/30/2010<br>NOTARY SEAL | x Caren Grillo  9/25/07<br>SIGNATURE OF COMPLAINANT  DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

FORM 5 (5/05)